UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Scheherazade, Inc.,

        Debtor.

BKY No. 19-40658
Chapter 7

**NOTICE OF EXPEDITED HEARING AND MOTION FOR
ORDER AUTHORIZING EXAMINATION AND RELATED
DOCUMENT PRODUCTION PURSUANT TO RULE 2004**

TO:    The entities specified in Local Rule 9013-3(a):

1.    Nauni J. Manty, the chapter 7 trustee of the bankruptcy estate of Scheherazade, Inc., moves the court for authorization to conduct Rule 2004 examinations and gives notice of expedited hearing.

2.    The court will hold a hearing on this motion on Wednesday, May 1, 2019 at 1:00 p.m. before the Honorable Kathleen H. Sanberg, in Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415 or as soon thereafter as counsel may be heard.

3.    The trustee will not object to any response to the motion which is filed and served not later than two hours prior to the hearing. Given the expedited nature of this motion, the trustee will also accept service at the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding.  This case is now pending in this court.

5.    This motion arises under Fed. R. Bankr. P. 2004.  This motion is filed pursuant to Fed. R. Bankr. P. 9014 and Local Rules 2004-1 and 9013-2. The trustee requests that the court issue

an order under Fed. R. Bankr. P. 2004 directing the examination and related document production of Daniel Christensen, Alex Christensen, Christensen Jewelers, and Comcast Corporation.

6. The trustee desires to make inquiry regarding the transfer of the debtor's main telephone number 952-926-2455 (the "Telephone Number") to Christensen Jewelers, LLC. The Telephone Number is listed on the debtor's website and is also the number that is identified in internet searches.

7. Recently, the trustee was advised that the Telephone Number was sold or otherwise transferred to Christensen Jewelers.

8. The Telephone Number is serviced through Comcast Corporation.

9. On April 24, 2019, Mary Sieling, the trustee's attorney, called Comcast to request information about the Telephone Number and transfer. Comcast confirmed that the Telephone Number was transferred from Scheherazade to Christensen on March 15, 2019, post-petition. However, Comcast refused to give additional details of the transfer, including who made the request and who authorized the transfer.

10. On April 24, 2019, the trustee called the telephone number on Christensen's website. A man named Alex spoke with the trustee. The trustee asked Alex how the Telephone Number was transferred to Christensen Jewelers. He stated that the trustee would need to speak to the owner. She asked to speak to the owner and was told that the owner was unavailable. She asked for the owner's name, but Alex refused to provide it. She gave Alex her name, telephone number and requested a return call. To date, no return call has been made to the trustee.

11. On April 25, 2019, the trustee's process server, hand delivered a letter regarding the unauthorized transfer of the Telephone Number to Alex at the Christensen store in Shakopee,

Minnesota. Alex admitted to the process server that he is the owner of the Christensen store in Shakopee, but again refused to give any information about the Telephone Number and transfer.

12. Alex's father, Daniel Christensen, is also an owner of Christensen and operates a store in Wisconsin.

13. In connection with the 60-day ongoing store-closing sale, the trustee spent a considerable sum of money to advertise the sale in local newspapers. The advertisements provided, in bold, the Telephone Number as the number for customers to call regarding the sale. Those calls are going to Christensen and impeding the trustee's ability to successfully complete the sale.

14. The Telephone Number is estate property. Not only is there value to the estate for the duration of the store closing sale, but the trustee could likely sell the Telephone Number to a competitor upon completion of the store closing sale.

15. The transfer or taking of the Telephone Number violates the automatic stay pursuant to 11 U.S.C. § 362(a) and may be subject to avoidance under 11 U.S.C. § 549.

16. The trustee seeks to examine Alex Christensen, Daniel Christensen, and an authorized representative of Comcast in connection with the transferred Telephone Number. She seeks authority to serve subpoenas for documents and depositions regarding the same.

17. The information sought pursuant to Rule 2004 is necessary because it relates directly to the assets of the debtor and is needed to adequately evaluate the claims and remedies that may be available to the trustee under §§ 362 and 549.

18. Cause exists to hear this matter on an expedited basis. Comcast and the Christensens refuse to voluntarily give the trustee information on the Telephone Number and subject transfer. With the store-closing sale ongoing, the estate will suffer irreparable harm if the trustee is unable

to quickly gather information about the transfer and hopefully, reconnect the Telephone Number to the debtor's Comcast account.

    **WHEREFORE**, the trustee respectfully requests that this court enter an order:

1. Granting the trustee's request for expedited hearing.

2. Authorizing the trustee to conduct an examination of Daniel Christensen, Alex Christensen, Christensen Jewelers, LLC, and an authorized representative of Comcast Corporation pursuant to Fed. R. Bankr. P. 2004.

3. Granting the trustee such other and further relief as may be just and appropriate.

Dated: April 25, 2019                                MANTY & ASSOCIATES, P.A.

                                               By:    */e/ Mary F. Sieling*
                                                          Mary F. Sieling (#389893)
                                                          Nauni Jo Manty (#230352)
                                                          401 Second Avenue N, Suite 400
                                                          Minneapolis, MN 55401
                                                          (612) 465-0990
                                                          mary@mantylaw.com

                                                          *Attorneys for the Trustee*

## **VERIFICATION**

I, Nauni J. Manty, trustee and movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: April 25, 2019                              _____

                                                                                               Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No. 19-40658 |
| | Chapter 7 |
| Scheherazade, Inc., | |
| Debtor. | |

**MEMORANDUM OF LAW SUPPORTING THE TRUSTEE'S
MOTION FOR ORDER AUTHORIZING 2004 EXAMINATIONS**

The trustee submits this memorandum of law in support of her motion for an order authorizing 2004 examinations.

**FACTUAL BACKGROUND**

The trustee incorporates the facts as set forth in the notice of motion by reference.

**LEGAL ARGUMENT**

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that a court may order an examination of "any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(c) authorizes using the court's subpoena power pursuant to Rule 9016 to compel the production of documents. Any interested party may seek a Rule 2004 examination which relates to "the acts, conduct, or property or to the liabilities and financial conditions of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bank. P. 2004(b). The scope of inquiry under Rule 2004 is broad and great latitude is ordinarily permitted. *See In re Symington*, 209 B.R. 678, 682-84 (Bankr. D. Md. 1997).

The purpose of Rule 2004 is to give "parties in interest an opportunity to examine those individuals having knowledge of the financial acts and affairs of a debtor." *In re GHR Energy Corp.*, 35 B.R. 534, 536 (Bankr. D. Mass. 1983); *see also Longo v. McLaren (In re McLaren)*, 158

B.R. 655, 657 (Bankr. N.D. Ohio 1992).  Rule 2004 affords the examiner an even broader inquiry than that afforded by the discovery rules set forth in the Federal Rules of Civil Procedure, which themselves contemplate broad and easy access to discovery.  Indeed, courts generally do not allow a debtor or other party to escape from an examination under Rule 2004 unless that party can demonstrate that the examination is actually oppressive under the circumstances. *See In re Vantage Petroleum Corp.*, 34 B.R. 650, 652 (Bankr. E.D. N.Y. 1983).

Here, the trustee seeks to examine Daniel Christensen, Alex Christensen, Christensen Jewelers, and Comcast Corporation.  The Telephone Number is a valuable asset of the estate.  The transfer of the Telephone Number is impeding the trustee's ability to conduct the store-closing sale, as it the number used on sale advertisements and on the debtor's website.  It is also the number used by many loyal customers and the number that appears on search engines such as Google. The trustee seeks information and documents in connection with the transfer.  The examination and related document requests fall within the liberal standards set forth by the court.

## CONCLUSION

For the reasons set forth in the motion and in this memorandum, the trustee respectfully requests that the motion be granted.

Dated: April 25, 2019                    MANTY & ASSOCIATES, P.A.

                                 By:   */e/ Mary F. Sieling*
                                       Mary F. Sieling (#389893)
                                       Nauni Jo Manty (#230352)
                                       401 Second Avenue N., Suite 400
                                       Minneapolis, MN 55401
                                       (612) 465-0990

                                       *Attorneys for the Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No. 19-40658
Chapter 7
Scheherazade, Inc.,

      Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I, Leah J. Christenson, declare under penalty of perjury that on April 25, 2019, I served copies of the attached NOTICE OF EXPEDITED HEARING AND MOTION FOR ORDER AUTHORIZING EXAMINATION AND RELATED DOCUMENT PRODUCTION PURSUANT TO RULE 2004 and this Unsworn Certificate of Service by overnight mail to the parties listed below.

Brian L. Roberts, CEO
Comcast Corporation
Comcast Center
1701 JFK Boulevard
Philadelphia, PA  19103

Mr. Daniel Christensen
Registered Agent
Christensen Jewelers, LLC
1823 North Central Avenue
Marshfield, WI  54449-8335

Alex Christensen
8076 Old Carriage Court
Shakopee, MN  55379

Daniel Christensen
1823 North Central Avenue
Marshfield, WI  54449-8335

In addition I served via U.S. Mail postage pre-paid;

Scheherazade, Inc.
3181 W 69th Street
Edina, MN  55435

Executed on:  April 25, 2019

Signed: */e/ Leah J. Christenson*
Leah J. Christenson, Legal Assistant
Manty & Associates, P.A.
510 First Ave N, Suite 305
Minneapolis, MN  55403
Telephone: (612) 465-0349

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    BKY No. 19-40658
                                                          Chapter 7
Scheherazade, Inc.,

        Debtor.

## ORDER AUTHORIZING 2004 EXAMINATIONS

This matter is before the court on the motion of the trustee for an order allowing her to conduct examinations pursuant to Federal Rule of Bankruptcy Procedure 2004. There were no objections to the motion. Based on the motion and the file,

**IT IS ORDERED**:

The trustee may examine Daniel Christensen, Alex Christensen, Christensen Jewelers, LLC and an authorized representative of Comcast Corporation pursuant to Bankruptcy Rule 2004.

Dated:

_____
Kathleen H. Sanberg
Chief United States Bankruptcy Judge