UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Chapter 7 |
| Scheherazade, Inc., | Case No. 19-40658 |
| Debtor. | |

---

**NOTICE OF MOTION AND MOTION OF BREMER BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS**

---

To:   The parties in interest as defined in Local Rule 9013-3(a)(1).

   1.   Bremer Bank, National Association ("Bremer Bank") moves the Court for the relief requested below and gives notice of hearing with this Motion for Relief from the Automatic Stay ("Motion").

   2.   The Court will hold a hearing on this Motion on Thursday, June 13, 2019 at 1:30 p.m., or as soon thereafter as counsel may be heard, before the Honorable Kathleen H. Sanberg, Judge of the United States Bankruptcy Court, in Courtroom No. 8 West of the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

   3.   Any response to this Motion must be filed and served by delivery not later than Saturday, June 8, 2019, which is five (5) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

   4.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition

1

commencing this Chapter 7 case was filed on March 9, 2019.  The case is now pending in this court.

5.      This Motion arises under 11 U.S.C. § 362, and Fed. R. Bankr. P. 4001 and Local Rules 9013-1 through 9013-3.  This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9006-1, 9013-1 through 9013-3, and 9017-1.

### REQUESTED RELIEF

6.      Bremer Bank requests relief from the automatic stay imposed by 11 U.S.C. §362(a) to allow Bremer to exercise its rights to setoff of prepetition obligations of the Debtor.  Bremer Bank also requests that the Court permit Bremer Bank to immediately enforce the order requested, without the fourteen day stay imposed by Rule 4001(a)(3).

7.      Bremer Bank is a national banking association based in St. Paul, Minnesota.

8.      The Debtor held four bank accounts with Bremer Bank on the Petition Date.  Each account was subject to an account agreement that provided Bremer Bank with the right to setoff obligations Debtor owed to Bremer Bank against each account.  A copy of the Account Agreement is attached hereto as Exhibit A.

9.      The identity and balance of each account, as of the Petition Date, is set forth below.

| ACCOUNT NO. | BALANCE |
|---|---|
| xxxxxx1369 | $615.00 |
| xxxxxx2040 | $40,029.53 |
| xxxxxx5751 | -$18,696.05 |
| xxxxxx8791 | $327.93 |

10.     As of the Petition Date, Bremer Bank owed the Debtor approximately $40,972.46 in amounts deposited in the Debtor's various bank accounts.  The Debtor owed Bremer Bank

2

$18,696.05 on the overdrawn account ending in 5751.  Under these circumstances, the Bankruptcy Code gives Bremer Bank the right to relief from the automatic stay to effect a setoff.

11. Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a memorandum of law, proposed order, and proof of service.

12. No previous request for the relief sought herein has been made by Bremer Bank.

13. Pursuant to Local Rule 9013-2(c), if testimony is necessary as to any facts relevant to this Motion, Bremer Bank reserves the right to call the following individuals to testify: (1) Suzie Becker, of Bremer Bank, National Association, whose address is 8555 Eagle Point Blvd, Lake Elmo, MN 55042; (2) an authorized agent of the Debtor; and (3) any rebuttal witness Bremer Bank deems necessary.

WHEREFORE, Bremer Bank respectfully requests that the Court enter an order: (1) Granting Bremer Bank relief from the automatic stay to allow Bremer Bank to exercise its rights to offset any prepetition amounts owed by the Debtor to Bremer Bank; (2) waiving the fourteen-day stay of order pursuant to Rule 4001(a)(3); and (3) granting Bremer Bank such other and further relief as is just and equitable.

Dated:  May 28, 2019                              BARNES & THORNBURG LLP

/e/ *Christopher Knapp*
Christopher Knapp, ID # 0344412
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 367-8774
Fax: (612) 333-6798
Email:  cknapp@btlaw.com

*Attorney for Bremer Bank, National Association*

## VERIFICATION

I, Suzanne M. Becker, Card and Exception Services Manager, for Bremer Bank, declare under penalty of perjury that, based on my review of the relevant files and documents herein, the foregoing facts provided in Bremer Bank's Motion for Relief from the Automatic Stay are true and correct according to the best of my knowledge, information and belief.

Dated: May 23, 2019

*[signature]*

Suzanne M. Becker,
Card and Exception Services Manager for
Bremer Bank

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Chapter 7 |
| Scheherazade, Inc., | Case No. 19-40658 |
| Debtor. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF BREMER BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS**

---

Bremer Bank, National Association ("Bremer Bank") submits this Memorandum Law in support of its Motion for Relief from the Automatic Stay (the "Motion").

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## FACTS

Bremer Bank relies on the facts set forth in its Motion. All capitalized terms not specifically defined in this memorandum of law shall be defined as set forth in the Motion.

## ARGUMENT

Bremer Bank seeks an order from this Court granting Bremer Bank's Motion for relief from stay so that Bremer Bank may offset amounts owed by Scheherazade, Inc. ("Debtor") on an overdrawn account, against the Debtor's funds in other accounts maintained with Bremer Bank. Section 553 of the Bankruptcy Code provides that a creditor has the right to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this

1

title against a claim of such creditor against the debtor that arose before the commencement of the case . . . ."[1] "[S]etoffs in bankruptcy have been 'generally favored,' and a presumption in favor of their enforcement exists."[2] As this Court has recognized, "[w]hile setoff is stayed under 11 U.S.C. § 362(a)(7), it is nonetheless permitted under 11 U.S.C. § 553(a) . . . ."[3]

The Bankruptcy Code provides that a court can grant relief from the automatic stay "for cause."[4] As numerous courts have concluded, by "establishing its right to setoff under 11 U.S.C. § 553(a), a creditor makes a prima facie showing of 'cause' for relief from stay under 11 U.S.C. § 362(d)(1)."[5] Once a party has established its right to a setoff, the "burden of persuasion then shifts to the party opposing relief" to demonstrate that no cause exists for granting the creditor relief from the automatic stay.[6]

The elements necessary to establish a right to a setoff are: (1) a debt owed by a creditor to a debtor; (2) a claim of a creditor against the debtor; and (3) the debt and claim must be mutual or reciprocal obligations.[7] Each of these elements is satisfied in this matter. First, debts exist from Bremer Bank to debtor and such debts arose prepetition. It is well established that a bank stands in a debtor-creditor relationship with its account holders to the extent that the account holder has deposited funds with the bank.[8] Second, Bremer Bank has a claim against the Debtor in the amount

---

[1] 11 U.S.C. § 553(a).
[2] *In re De Laurentiis Entertainment Group Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992) (quoting *In re Buckenmaier*, 127 B.R. 233, 237 (B.A.P. 9th Cir. 1991)).
[3] *Small v. Hennepin County*, 18 B.R. 318, 319 (Bankr. D. Minn. 1982).
[4] 11 U.S.C. § 362(d)(1).
[5] *In re Whitaker*, 173 B.R. 359, 361-62 (Banrk. S.D. Ohio 1994); *see also In re Gould*, 401 B.R. 415, 426 (B.A.P. 9th Cir. 2009); *In re Ealy*, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008); *In re Orlinski*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991).
[6] *In re Nuclear Imaging Systems, Inc.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000).
[7] *See In re Ramirez*, 266 B.R. 441, 443 (Bankr. D. Minn. 2001).
[8] *See e.g., Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995) recognizing that a bank account "consists of nothing more or less than a promise to pay, from the bank to the depositor") (citing *Bank of Marin v. England*, 385 U.S. 99, 101 (1966) (other citation omitted).

of $18,696.05, the amount of the overdrawn funds, which arose prior to the Petition Date. Finally, the debt and Bremer Bank's claim are mutual obligations. Because all three elements necessary to demonstrate the right to a setoff have been established, the Court should grant Bremer Bank's Motion. The Court should allow Bremer Bank to offset prepetition amounts owed to the Debtor and held in the Bremer Bank accounts, against the prepetition amount of $18,696.05 that the Debtor owes to Bremer Bank based on the overdrawn account.

## CONCLUSION

Cause exists to grant Bremer Bank relief from the automatic stay so that it may exercise its setoff rights under the Agreement. Bremer Bank has satisfied the elements to establish a right of setoff. Bremer Bank and the Debtor each owes the other prepetition, mutual debts. Accordingly, the Court should grant the Motion and permit Bremer Bank to offset prepetition amounts owed to the Debtor against the prepetition amount of $18,696.05 that the Debtor owes to Bremer Bank based on the overdrawn account.

Dated: May 28, 2019                     BARNES & THORNBURG LLP

/e/ *Christopher Knapp*
Christopher Knapp, ID # 0344412
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Phone: (612) 367-8774
Fax: (612) 333-6798
Email:  cknapp@btlaw.com

*Attorney for Bremer Bank, National Association*

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Scheherazade, Inc., | Case No. 19-40658 |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I, Christopher Knapp, declare under penalty of perjury that on May 28, 2019, I served the following:

1. NOTICE OF MOTION AND MOTION OF BREMER BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS;

2. VERIFICATION OF SUZIE BECKER;

3. MEMORANDUM OF LAW IN SUPPORT OF BREMER BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS;

4. CERTIFICATE OF SERVICE; AND

5. [PROPOSED] ORDER GRANTING MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D).

by sending true and correct copies via ECF to the parties receiving ECF notice in this case, including those parties specified under Local Rule 9013-3(b), and by United States Mail as indicated on the attached service list.

*/e/ Christopher J. Knapp*
Christopher J. Knapp

1

Scheherzade, Inc.
3181 West 69th Street
Edina, MN 55435

Eaton Hudson, Inc. (Auctioneer)
3015 Dunes West Blvd
Suite 201
Mount Pleasant, SC 29466-8218

Robert K. Dakis
David J. Kozlowski
Joseph T. Moldovan
Morrison Cohen, LLP
909 3rd Avenue
New York, NY 10022-4731

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   Chapter 7

Scheherazade, Inc.,   Case No. 19-40658 (KHS)

Debtor.

## ORDER FOR RELIEF FROM THE AUTOMATIC STAY

This matter came before the Court on June 13, 2019, on the motion of Bremer Bank, National Association ("Bremer Bank"), for relief from the automatic stay under 11 U.S.C. § 362(d) (the "Motion"). Based on the arguments of counsel, the moving documents, and the record made at the hearing,

IT IS HEREBY ORDERED Relief from the automatic stay is granted to allow Bremer Bank to offset prepetition amounts owed to the Debtor and held in the Bremer Bank accounts, against the prepetition amount of $18,696.05 that the Debtor owes to Bremer Bank. Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this Order is effective immediately.

Dated: _____   _____
The Honorable Kathleen H. Sanberg
United States Bankruptcy Judge

1