UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Scheherazade, Inc.,

Debtor.

BKY No. 19-40658
Chapter 7

**RESPONSE OF CHAPTER 7 TRUSTEE TO MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

Nauni Manty, the chapter 7 trustee, submits this response to the motion for relief from the automatic stay filed by K Takahashi & Co, Inc. regarding certain jewelry delivered to the debtor to be sold on consignment (the "Consigned Jewelry"). The trustee requests that the motion be denied.

The debtor was in the business of retail jewelry sales. Roughly 87 percent of the debtor's inventory was debtor-owned, while only 13 percent of the inventory included jewelry delivered to the debtor by vendors on memo or commercially consignment. Takahashi is one such vendor which delivered goods to the debtor to be sold on consignment. The consignment relationship is evident in the Consignment Agreement executed between the debtor and Takahashi, which is attached as <u>Exhibit A</u> to the motion and incorporated herein. The Consignment Agreement states:

> [Takahashi] will have the rights of a secured party under the Uniform Commercial Code in the Consigned Merchandise and the proceeds of sale and we may execute in your name and ours and file in any appropriate jurisdiction Uniform Commercial Code financing statements with respect to such security interest.

The contemplated consignment was further evidenced by the Uniform Commercial Code ("UCC") Financing Statement filed by Takahashi, which is attached as <u>Exhibit B</u> to the motion and incorporated herein. Although Takahashi at one time had a perfected security interest in the

Consigned Jewelry, Takahashi's financing statement lapsed prior to the petition date. Accordingly, Takahashi's interest in the Consigned Jewelry is unperfected, giving the bankruptcy estate priority rights to the Consigned Jewelry. Because there is equity in the Consigned Jewelry, 11 U.S.C. § 362(d)(2) is inapplicable and the motion should be denied.

## ARGUMENT

### I.  Takahashi Is Unperfected

Consignment relationships, like that between the debtor and Takahashi, are governed by Article 9 of the Uniform Commercial Code, as adopted in Minnesota ("Article 9"). Under Minn. Stat. § 336.9-319:

> (a) **Consignee has consignor's rights.** Except as otherwise provided in subsection (b), for purposes of determining the rights of creditors of, and purchasers for value of goods from, a consignee, while the goods are in the possession of the consignee, the consignee is deemed to have rights and title to the goods identical to those the consignor had or had power to transfer.
>
> (b) **Applicability of other law.** For purposes of determining the rights of a creditor of a consignee, law other than this article determines the rights and title of a consignee while goods are in the consignee's possession if, under this part, a perfected security interest held by the consignor would have priority over the rights of the creditor.

Article 9 gives the consignee, the debtor or trustee, rights and title to the Consigned Jewelry absent a UCC financing statement filed by Takahashi. While Takahashi did, at one time, have a timely filed UCC financing statement, such statement lapsed, leaving Takahashi unperfected on the petition date. Based upon the course of dealing between the parties, Takahashi knew perfection was necessary to protect its interest.

Since Takahashi's interest is unperfected, the trustee's interest has priority under 11 U.S.C. § 544(a), which gives the trustee the rights and powers of a lien creditor. Under § 544(a), the trustee:

> May avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien.

Given Takahashi's interest was unperfected, a judicial lien creditor would have priority rights to the Consigned Jewelry. Minn. Stat. § 336.9-319. The trustee's avoidance powers create equity in the Consigned Jewelry to be realized on behalf of the bankruptcy estate. Under 11 U.S.C. § 362(d)(2), the court should only grant relief from the automatic stay if the debtor does not have equity in the subject property. Accordingly, because there is equity in the Consigned Jewelry, the motion should be denied.

### II. The Debtor Was Not Generally Known By Its Creditors To Be Substantially Engaged in Selling Goods of Others

If the relationship between Takahashi and the debtor falls outside the definition of consignment, then the perfection rules under Article 9 are inapplicable. The definition of consignment is found in Minn. Stat. § 336.9-102 (a)(20) which provides:

> Transaction, regardless of its form, in which a person delivers goods to a merchant for the purpose of sale and:
>
> (A) the merchant:
>
>   (i)   deals in goods of that kind under a name other than the name of the person making delivery;
>
>   (ii)  is not an auctioneer; and
>
>   (iii) is not generally known by its creditors to be substantially engaged in selling the goods of others;
>
> (B) with respect to each delivery, the aggregate value of the goods is $1,000 or more at the time of delivery;
>
> (C) the goods are not consumer goods immediately before delivery; and
>
> (D) the transaction does not create a security interest that secures an obligation.

Here, the trustee and Takahashi dispute whether the debtor was generally known by its creditors to be substantially engaged in selling the goods of others. Although it is a single element of the definition, it requires a two-part analysis. First, whether the debtor substantially engaged in selling the goods of others and second, whether the creditors knew the debtor substantially engaged in selling the goods of others. Takahashi bears the burden of proving both elements. *ATG Aerospace Ltd. v. High–Line Aviation, Ltd. (In the Matter of High–Line Aviation, Inc.),* 149 B.R. 730, 738 (Bankr.N.D.Ga.1992); *Multibank Nat'l of W. Mass., N.A. v. State St. Auto Sales, Inc. (In re State St. Auto Sales, Inc.),* 81 B.R. 215, 218 (Bankr.D.Mass.1988).

There is no precise test to determine whether a consignee is substantially engaged in selling the goods of others. While a general rule of thumb provides 20 percent of consigned goods as the benchmark, other courts have found that substantially engaged in requires at least 51 percent of consigned goods. *In re State Street Auto Sales, Inc.* 81 B.R. 216 (1998); *Rayfield Inv. Co. v. Kreps.* 35 So. 3d 63 (Fla. Ct. App. 2010); *TSAWS Holdings, Inc. v. MJ Soffe, LLC* 565 B.R. 292 (Bankr. D. Del. 2017); *TSA Stores, Inc. v. Performance Apparel Valley Media*, 279 B.R. 105 (Bankr. D. Del. 2002).

Here, the inventory lists provided to the trustee by the debtor indicate 1,933 inventory items were debtor-owned on the petition date, while only 288 items were goods delivered on memo or consigned by commercial vendors. This equates to 87 percent debtor-owned and only 13 percent owned by the commercial vendors. Clearly, the debtor was not substantially engaged in selling goods of others.

The second prong which Takahashi must satisfy is whether the debtor's creditors knew the debtor substantially engaged in selling the goods of others. While Takashi bears the burden of

proving this element, it offers absolutely no evidence about whether or not creditors knew the debtor substantially engaged in selling the goods of others, which again, it did not.

The course of dealings between Takahashi and the debtor show they contemplated being bound by Article 9. Their Consignment Agreement gives Takahashi the rights of a secured party and specifically calls for the filing of a UCC financing statement. Importantly, Takahashi did, in fact, file a UCC financing statement. It is disingenuous for Takahashi to now claim a UCC financing statement was not required merely because it had lapsed.

## CONCLUSION

The relationship between the debtor and Takahashi was a consignment as defined under Minn. Stat. § 336.9-102(a)(20). As such, Takahashi was required to file a UCC financing statement to perfect its security interest in the Consigned Jewelry, which it did. However, Takahashi's financing statement lapsed and it was unperfected on the petition date. The trustee, with the rights and powers of the lien creditor, holds a priority interest in the Consigned Jewelry. Given there is equity in the Consigned Jewelry for the trustee to realize, the motion for relief from the automatic stay should be denied.

Dated: May 30, 2019

MANTY & ASSOCIATES, P.A.

*/e/ Mary F. Sieling*
Nauni Manty (#230352)
Mary Sieling (# 389893)
401 Second Avenue North, Suite 400
Minneapolis, MN 55401
Phone: (612) 465-0990
Fax: (612) 746-0310
Email: mary@mantylaw.com

*Attorneys for the chapter 7 trustee*

## VERIFICATION

I, Nauni Manty, the chapter 7 trustee of the bankruptcy estate of Scheherazade, Inc, named in the foregoing response, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: May 30, 2019

_____
Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                  Chapter 7 Case

Scheherazade, Inc.,                                              Bky No. 19-40658

                Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

      I, Krisann Treague, declare under penalty of perjury that on May 30, 2019, I served copies of the attached **Response of Chapter 7 Trustee to Motion for Relief from the Automatic Stay** by U.S. mail to the party listed below.

Robert K Dakis  
Morrison Cohen, LLP  
909 Third Ave  
New York, NY 10022

David J Kozlowski  
Morrison Cohen, LLP  
909 Third Ave  
New York, NY 10022

Joseph T Moldovan  
Morrison Cohen, LLP  
909 Third Ave  
New York, NY 10022

Executed on:  May 30, 2019

Signed: */e/ Krisann Treague*  
Krisann Treague, Legal Secretary  
Manty & Associates, P.A.  
401 Second Ave N, Suite 400  
Minneapolis, MN  55401  
Telephone: (612) 465-0990