UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Scheherazade, Inc,

    Debtor.

Chapter 7
BKY 19-40658-KHS

**REPLY OF TRUSTEE TO OBJECTION OF BHM CAPITAL, LLC**

The chapter 7 trustee submits this reply in connection with BHM Capital, LLC's objection to three settlements reached between the trustee and three vendor jewelers. The three settlements are set forth in docket numbers 69, 74, and 75. The relevant objections are set forth in docket numbers 79, 85 and 86.

The objection by BHM initially arose when BHM's counsel called the trustee and indicated that BHM would pay an additional $500.00 for the purchase of the jewelry identified in the notice of settlement, Doc. 69. The trustee explained to BHM's counsel that it was a notice of settlement and sale, and there was more at stake than just a sale, so she rejected the offer for those reasons. The trustee's counsel also had communications with Mr. Lawver as to the nature of the settlement and sale. In addition, the trustee assured Mr. Lawver that there were enough sale proceeds to address any allowed BHM attorneys' fees, even going as far as providing him the funds available in one of her trustee accounts of over $100,000.00. A copy of the email communication is attached hereto as Exhibit 1 and a copy of a subsequent related letter from the trustee is attached hereto as Exhibit 2. Obviously, the information provided by the trustee was somehow deficient to BHM as it filed the objections with the sole purpose of preserving an interest in the proceeds to be received by the trustee under the vendor settlements.

1

The objections were unnecessary as the trustee paid the principal balance and pre-petition interest owed to BHM and has proven her ability to pay the minimal remaining interest and attorneys' fees. On May 22, 2019, the trustee hand delivered $284,004.00 to BHM's attorney paying the principal balance in full. This occurred before the first relevant settlement was even filed. Claim No. 61-1 filed by BHM on April 12, 2019, has been fully paid. Further, the trustee asked BHM's attorneys for the amount of interest due, so it could also be paid. BHM advised that interest in the amount of $5,027.55 was due. On June 21, 2019, the trustee paid such interest. BHM now claims such amount only included pre-petition interest. To date, the trustee has not received any communication from BHM as to the post-petition interest amount due. Regardless, the post-petition interest did not accrue past May 22, 2019 when the principal balance was paid.

Aside from the minimal post-petition interest, BHM's attorneys' fees are all that remain to be paid to BHM. BHM has hired three different law firms to represent it in this matter. As of the end of June, BHM's attorneys' fees total $41,870.06.

The trustee urged BHM's counsel not to object to the settlements as the liquidation sale was proceeding, so she could sell the inventory at the sale and realize the maximum amount for the inventory. On June 13, 2019, to assure BHM that the trustee has adequate funds to pay interest and attorneys' fees due BHM, the trustee provided a statement showing over $100,000.00 in the bankruptcy estate's account. *See* Exhibit 1 and Exhibit 2. The $100,000.00 is far more than enough to pay the remaining interest and BHM's attorneys' fees. The trustee's proof of her ability to pay BHM occurred before BHM filed its objections to the trustee's settlement. The proof also came two weeks before the store-closing sale concluded and the trustee now has considerably more funds to pay BHM the remaining amount owed.

Ultimately, the issue of whether BHM's lien attaches to the proceeds of the settlements is moot, because its lien attached to proceeds from the store-closing sale, which will fully satisfy the lien, which again at this time only includes two months of interest and attorneys' fees.

The issue settled by the trustee in the subject settlements is whether the relationship between the debtor and the vendors was a consignment. If a consignment, then Article 9 of the Uniform Commercial Code as adopted in the State of Minnesota, applies. If applicable, then the vendors were required to file UCC financing statements to perfect their interest in goods delivered to the debtor. If it was not a consignment as defined in Article 9, then the vendors would have retained rights, title, and interest in the goods delivered to the debtor and the goods would not be subject to the claim of the bankruptcy estate. The consignors disputed the trustee's claims, so the trustee settled with the consignors in order to benefit the unsecured creditors of the case, many of whom are the individuals who jewelry was sold prior to the filing and were not paid on their estate pieces.

An additional element of the settlement is that each settlement includes a sale of certain jewelry to the settling vendor. The proceeds are really settlement proceeds rather than sale proceeds, because the trustee was settling who had title to the jewelry. BHM takes issue with whether its lien attaches to such settlement proceeds. The trustee has repeatedly advised that neither party need spend time researching or litigating this issue, because it is rendered moot through the payment of BHM's lien through other estate assets. Prior to filing this reply, the trustee reviewed Messerli & Kramer's invoices. Nearly $5,000.00 was incurred in connection with the subject settlements and lien attachment issue. All incurred after the trustee paid BHM's principal balance. BHM's attorneys needlessly continue to incur additional attorneys' fees, despite the trustee's repeated assurances of her ability to pay minimal interest and attorneys' fees with other

3

estate assets. At all times, the monies have been in the trustee's segregated account. The trustee is unable to disburse funds without a court order, so the segregated proceeds are sufficient to protect BHM's remaining lien.

Based on the foregoing, the trustee requests that the objections to the settlements be overruled and the settlements be approved.

Dated: July 16, 2019.  MANTY & ASSOCIATES, P.A.

*/e/ Mary F. Sieling*
Nauni J. Manty (#230353)
Mary F. Sieling (#389893)
401 Second Avenue North, Suite 400
Minneapolis, Minnesota 55401
Telephone: (612) 465-0990
Fascimile: (612)746-0310
mary@mantylaw.com

*Attorneys for the Trustee*

# Mary Sieling

| | |
|---|---|
| **From:** | Nauni Manty |
| **Sent:** | Monday, July 15, 2019 8:09 AM |
| **To:** | Mary Sieling |
| **Subject:** | FW: Scheherazade |
| **Attachments:** | Nick@mantylaw.com_20190613_135656.pdf |

Joe,

Attached is a copy of the bank balance showing $113,000 in the trustee's account. Based on our telephone conversation, this should satisfy your client's concerns. As such, this will also confirm that you will not object to the settlements, which would greatly harm the estate if you did so. Also, as I indicated, I cannot disburse monies without a court order.

Thank you,

Nauni

Nauni Manty
Manty & Associates, P.A.
401 Second Avenue North
Suite 400
Minneapolis, MN 55401
Tel: 612.340.7950
Fax: 612.746.0310
Nauni@mantylaw.com
www.mantylaw.com


Notice: Important disclaimers apply to this email.
Please click here for our disclaimers and limitations.


-----Original Message-----
From: Nicholas Manty <nick@mantylaw.com> On Behalf Of Nick@
Sent: Thursday, June 13, 2019 1:57 PM

1

Exhibit 1

To: Nauni Manty <Nauni@mantylaw.com>
Subject: Scanned image from MX-3640N

Reply to: Nick@mantylaw.com <Nick@mantylaw.com> Device Name: Not Set Device Model: MX-3640N
Location: Not Set

File Format: PDF (Medium)
Resolution: 200dpi x 200dpi

Attached file is scanned image in PDF format.
Use Acrobat(R)Reader(R) or Adobe(R)Reader(R) of Adobe Systems Incorporated to view the document.
Adobe(R)Reader(R) can be downloaded from the following URL:
Adobe, the Adobe logo, Acrobat, the Adobe PDF logo, and Reader are registered trademarks or trademarks of Adobe Systems Incorporated in the United States and other countries.

    http://www.adobe.com/

2

Exhibit 1



Nauni J. Manty
(612) 340-7950
nauni@mantylaw.com

June 14, 2019

By U.S. Mail and Email

Mr. Joseph Lawver
Messerli Kramer
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402

    Re:    Scheherazade
             BKY 19-40658

Dear Mr. Lawver:

    On May 22, 2019, a check was hand-delivered to your firm in the amount of $284,004.99, which paid BMH Capital, LLC's principal balance in full. I advised you yesterday that the interest will be paid as soon as my paralegal returns from an unexpected out-of-town family emergency. We also discussed, and I believe you agreed, that we would wait until after the sale had concluded to review the attorneys' fees requested. Yesterday, I emailed to you evidence that I have sufficient monies in my segregated trustee's account to deal with these matters.

    You have now advised that BMH Capital intends to object to the notices of sale and settlement that we have filed with the court. There is absolutely no reason for your client to object to the notices. Any monies that are realized from the notices of sale and settlement will be segregated in an account pending resolution of the attorney fee issue. If the estate is damaged by your client's actions in objecting to the notices, I will proceed against your client for those damages. Moreover, I will object to any attorneys' fees and costs expended in connection with the objection to the notices.

Very truly yours,

MANTY & ASSOCIATES, P.A.

By _____
Nauni J. Manty

## **VERIFICATION**

I, Nauni J. Manty, the chapter 7 trustee, named in the foregoing reply, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 16, 2019.

                                                    Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Chapter 7 Case

Scheherazade, Inc.,  Bky No. 19-40658-KHS

Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I, Krisann Treague, declare that on July 16, 2019, I caused the following documents:

**Reply of Trustee to Objection of BHM Capital, LLC** and this
**Unsworn Certificate of Service**

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to the rules of ECF and this constitutes notice pursuant to Local Rule 9006-1(a).

I further certify that on July 16, 2019, I mailed a copy of the foregoing documents to each entity named below at the address stated below for each entity by first class mail postage prepaid:

| | |
|---|---|
| Rafael Glam | Danny Ambalu |
| A.Glam | Somerset Manufacturers |
| 2409 Frosted Green Lane | 36 Glen Cove Road |
| Plano, TX  75025 | East Hills, NY 11577 |

And, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on:  July 16, 2019          Signed: */e/ Krisann Treague*
                                     Krisann Treague, Legal Secretary
                                     Manty & Associates, P.A.
                                     401 Second Ave N, Suite 400
                                     Minneapolis, MN  55401
                                     Telephone: (612) 465-0990