UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                                          Chapter 7
                                                                                                          BKY 19-40658-KHS
Scheherazade, Inc,

      Debtor.

**REPLY OF TRUSTEE TO OBJECTION OF RENEE LINDQUIST**

The chapter 7 trustee submits this reply in response to the objection of Renee Lindquist to the trustee's settlement with I.Reiss Co, LLC. The notice of settlement is filed as ECF. No. 120 and Ms. Lindquist's objection is filed as ECF No. 127. The matter is set for hearing on Wednesday, May 27, 2020 at 9:30 a.m. [ECF No. 131].

**FACTS**

The trustee has a preference claim against I.Reiss for the sum $17,210, which the trustee asserts is avoidable under 11 U.S.C. § 547. To settle all claims against I.Reiss, I.Reiss agreed to pay $7,000 to the trustee within ten business days after the court issues a final order approving the settlement. I.Reiss also agreed that its claim filed in this bankruptcy case, in the amount of $8,740 will be deemed withdrawn and waived. Due to the financial hardship of I.Reiss and the cost of litigation, which are both described in detail below, the trustee agreed to the settlement.

On May 4, 2020, Rene Lindquist objected to the settlement [ECF No. 127]. Her argument appears to be that she believes I.Reiss could obtain a government assistance loan in connection with COVID-19 and pay the estate the full $17,210.

1

# ARGUMENT

When assessing whether a settlement is in the best interest of the bankruptcy estate, the trustee and court weigh several factors including: (1) the probability of success in the litigation; (2) the difficulties, if any, the trustee may encounter in collecting on a judgment; (3) the complexity of the litigation and the attendant expense, inconvenience, and delay; and (4) the paramount interest of the creditors and a proper deference to their reasonable views concerning the litigation. *Drexel Burnham Lambert Inc. v. Flight Transp. Corp (In re Flight Transp. Corp.),* 730 F.2d 1128, 1135 (8th Cir. 1984). The trustee does not need to show that the proposed settlement is the best possible outcome, but only that it does not fall below the lowest point in the range of reasonableness. *Cox v. Martin*, 212 B.R. 316, 319 ( 8th Cir. BAP 1997).

### Probability of Success in the Litigation

The trustee has a strong case against I.Reiss under the preference elements set forth in 11 U.S.C. § 547(b). Nevertheless, the trustee believes the remaining factors described below outweigh a decision to move forward on her claim against I.Reiss.

### Difficulties in Collection on a Judgment

On March 30, 2020, the trustee sent a demand letter to I.Reiss regarding the preference claim. On April 8, 2020, Mr. Reiss contacted the trustee in an attempt to settle the preference claim. A copy of the email correspondence is attached as Exhibit A. Mr. Reiss asserts a financial hardship and inability to pay the trustee's demand in full. At that time, I.Reiss's retail stores and offices had been closed for three weeks in response to the COVID-19 pandemic. This was in compliance with an order from the State of New York. Mr. Reiss expressed great concern about the uncertainty of how long he stores would remain closed and to what extent the fallout from the pandemic would impact the business cash flow.

Mr. Reiss provided the trustee with a sales comparison from March through May 2019 compared to March through May 2020. In 2019, sales totaled $281,036, while in 2020 the sales were merely $12,639. This is a 96 percent decline in sales and devastating to the business. I.Reiss is located in New York, which is widely considered the current epicenter of the pandemic. At the earliest, Mr. Reiss will reopen in June 2020, but it could be much later. Once opened, sales will likely remain slow as consumers are cautious about social interaction and less likely to shop for nonessential items like jewelry.

The extent of the consequences of COVID-19 is speculative for all, even the medical and economic experts. Using her business judgment under the circumstances, the trustee believes it is better to accept a settlement now, rather than wait. If she waits, the estate could receive nothing if I.Reiss's sales continue to drastically decline.

Ms. Lindquist asserts that I.Reiss can simply apply for a loan from the Small Business Administration under the Paycheck Protection Program ("PPP") extended by the federal government in response to COVID-19. I.Reiss did receive such a loan to pay its three employees for eight weeks. *See* Exhibit B. However, using the loan proceeds to pay the bankruptcy estate is not an option under the PPP loan requirements. Such loans require the borrower to use the money for very limited expenses such as rent, utilities, and payroll. The list of approved expenses does not include litigation or payment on a bankruptcy preference claim. Whether authorized or not, it is unlikely that any struggling small business would borrow additional funds to pay a preference claim, nor can the trustee force one to do so.

Even if the trustee moves forward with litigation and obtains a judgment against I.Reiss, it does not translate to immediate money on hand for the estate. The trustee must collect the

judgment. This includes, docketing the judgment in New York and retaining an attorney licensed in New York to collect the judgment. The associated costs would offset any benefit to the estate.

### The Complexity and Cost of Litigation

Again, the trustee believes she has a strong case under the preference elements. However, that does not mean litigation will be inexpensive. The costs of litigation could quickly outweigh the benefit to the estate, through filing fees, and attorneys' fees for drafting the complaint and motions, analyzing discovery, and representing the trustee at trial. Also, as stated, once the trustee obtains a judgment, she still must collect the judgment. Not only is collection expensive, but it also causes a delay in the administration of this bankruptcy case. It could take years for the trustee to collect the full judgment, holding up the administration of the case and distribution to creditors.

The fees and expenses of litigation and collection are paid directly from the bankruptcy estate, reducing the distribution to creditors. Again, the benefit to the estate and creditors would be outweighed by such costs. Accepting the settlement now, expedites the bankruptcy process and saves the bankruptcy estate a considerable amount of money in administrative costs.

### Paramount interest of creditors

As described, the current financial hardship of I.Reiss and the cost of litigation and collection outweigh the beneifit of moving forward with the preference claim. The lump sum payment of $7,000 will add to the pro-rata distriubtion for each creditor. Also, I.Reiss agrees to withdraw its claim of $8,740, which will also increase the distribution of creditors. The alternative, litigation and collection, would deplete any benefit that creditors are realizing from this settlement. The alternative also means creditors will need to wait longer for their distribution from the estate.

## CONCLUSION

Based on the above factors, the trustee requests that the settlement with I.Reiss, ECF No. 120, be approved.

Dated: May 11, 2020                                   MANTY & ASSOCIATES, P.A.

*/e/ Mary F. Sieling*
Nauni J. Manty (#230353)
Mary F. Sieling (#389893)
401 Second Avenue North, Suite 400
Minneapolis, Minnesota 55401
Telephone: (612) 465-0990
Fascimile: (612)746-0310
mary@mantylaw.com

*Attorneys for the Trustee*

# Mary Sieling

| | |
|---|---|
| **From:** | I.Reiss Co., Inc. <i.reissco@verizon.net> |
| **Sent:** | Tuesday, April 7, 2020 3:58 PM |
| **To:** | Mary Sieling |
| **Cc:** | 'Isaac Reiss' |
| **Subject:** | Scheherazade Jewelers / Bankruptcy No. 19-40658 (Dist. of Minn.) |
| **Attachments:** | Scheherazade Jewelers_Bankruptcy No. 19-40658.pdf |

Dear Mary,

I hope this Email finds you safe and well.  I am reaching out to you after receiving your attached letter, demanding a return of $17,210.00 for payment that was made to I.Reiss by Scheherazade Jewelers within the 90 days before filing for bankruptcy on March 10th 2019.

As you are well aware, we are currently in the midst of the COVD-19 world epidemic - an unprecedent time and situation that any of us has ever had to face.   And as such, and in compliance with state and county guidelines, our office has been closed for business in the past three weeks.  These are uncertain times and we cannot say when we will be resuming regular operations, when will our retail stores be resuming regular operations, how long and to what extent the effects of the epidemic on our business will all last, and what would be the direct and indirect effects on our cashflow.  This could all take months.  At the moment, our company is struggling, and doing everything it can to keep afloat so we would be able to open our doors for business once again.  In conjunction, we are also applying  for several lifeline programs that the government is now offering small businesses such as ourselves.

Taking all of this into consideration, and being mindful of these unique times and business situation, we kindly ask the court  to reevaluate the requested amount, and  to settle with us on $5,000.00 instead.  Paying $17,210.00 - simply put - will likely place our company in further jeopardy and may ultimately  force us to close our doors forever.

Your consideration and cooperation to resolve this matter will be greatly appreciated.

I look forward to your favorable reply.

Respectfully,

--
**Izhak Reiss**
I.Reiss Co., Inc.
45 N. Station Plaza, Suite 406
Great Neck, NY 11021

P: 516.482.7900 | F: 516.482.2400 | www.ireiss.com




1

EXHIBIT A

**Mary Sieling**

---

| | |
|---|---|
| **From:** | I.Reiss Co., Inc. <i.reissco@verizon.net> |
| **Sent:** | Wednesday, May 6, 2020 4:04 PM |
| **To:** | Mary Sieling |
| **Cc:** | 'Isaac Reiss' |
| **Subject:** | RE: 19-40658 Chapter-7  Objection |
| **Attachments:** | sales.2019.pdf; sales.2020.pdf |

Mary, hello.

Thank you for your update and notes.  I attached herein a sales report dated for the duration of the shutdown period,  starting on March 20, 2020 to today (see attachment sales2020 ).  Additionally, for reference, I attached a sales report from the 2019 comparable period (see attachment sales.2019).  The reports clearly show a devastating picture of 96% decline in sales (from $281,036.00 in 2019 to $12,639.00 in the current  shutdown period).

To frame our concerns and struggles a little bit clearer, I wanted to point out that, here – in the New York metropolitan area (the epicenter of the epidemic) – we are averaging 300 deaths a day and nearly 300,000 cases.  I do not realistically expect relief  and re-opening of businesses before June .

As to the objections of the creditor, I wanted to inform you that we have applied through the Government Care Act to all programs available to us.  We have received from the Payroll Protection Plan (PPP) 8 weeks of payroll so we can keep our THREE employees for the next 8 weeks.   We also received from the Economic Injury Disaster Loan (EIDL) $3,000.00 ($1,000.00 per employee).  We did anything we could to receive government funding, but only received $3,000.00 and 8 weeks payroll.  To assert that we have been offered too much of a discount, as you paraphrased the objection, seems to be a tone deaf response that doesn't consider the severity and the economic devastation here in New York and in the country as a whole.  Unless the business environment will be changing dramatically in the next eight weeks (when we will run out of our PPP Loan), I.Reiss may have to seek a Chapter 11 Bankruptcy Protection. No business in the world can sustain a 96% decline in sales for too long of a period…its simply unsustainable .

Please review the attached and let me know if you have any questions.  We kindly ask that the court will approve the $7,000.00 settlement.

I look forward to hearing from you soon.

--
**Isaac Reiss**
I.Reiss Co., Inc.
45 N. Station Plaza, Suite 406
Great Neck, NY 11021

P: 516.482.7900 | F: 516.482.2400 |www.ireiss.com



---

**From:** Mary Sieling <mary@mantylaw.com>
**Sent:** Tuesday, May 5, 2020 10:05 AM

1

EXHIBIT B

Document      Page 8 of 10


## **VERIFICATION**

I, Nauni J. Manty, the chapter 7 trustee, named in the foregoing reply, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: May 11, 2020.

_____
Nauni J. Manty, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                    Chapter 7 Case

Scheherazade, Inc.,                                                 Bky No. 19-40658-KHS

　　　　　Debtor.

### UNSWORN CERTIFICATE OF SERVICE

I, Kevin Carnahan, declare that on May 11, 2020, I caused the following documents:

**Reply of Trustee to Objection of Renee Lindquist** and this **Unsworn Certificate of Service**

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to the rules of ECF and this constitutes notice pursuant to Local Rule 9006-1(a).

I further certify that on May 11, 2020, I mailed a copy of the foregoing documents to each entity named below at the address stated below for each entity by first class mail postage prepaid:

Renee Lindquist
8680 Magnolia Trail, #212
Eden Prairie, MN  55344

I.Reiss Co. Inc.
Isaac Reiss
45 N Station Plaza, Ste. 406
Great Neck, NY  11021

Scheherazade, Inc.
3181 W 69th St
Edina, MN  55435

Robert K Dakis
Morrison Cohen, LLP
909 Third Ave
New York, NY 10022

David J Kozlowski
Morrison Cohen, LLP
909 Third Ave
New York, NY 10022

Joseph T Moldovan
Morrison Cohen, LLP
909 Third Ave
New York, NY 10022

Wells Fargo Vendor Financial Serv, LLC fka
GE Gapital Information Tech Solutions
c/o a Ricoh USA Program fdba Ikon Financ
PO Box 13708
Macon, GA 31208-3708

And, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on:  May 11, 2020            Signed: /e/ Kevin Carnahan
                                                                   Kevin Carnahan
                                                                   Manty & Associates, P.A.
                                                                   401 Second Ave N, Suite 400
                                                                   Minneapolis, MN  55401
                                                                   Telephone: (612) 465-0990